DLD-072                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2224
_____

UNITED STATES OF AMERICA

v.

BRIAN A. PERRI, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2:15-cr-00486-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted on Appellee's Motion to Enforce Appellate Waiver and for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 26, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brian A. Perri appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion to dismiss a final order of forfeiture that was entered in his criminal case. The Government has filed a motion to enforce the appellate waiver and for summary affirmance. For the following reasons, we grant the Government's motion in part and will summarily affirm the District Court's order.

In 2015, the Government charged Perri with two counts of transporting, or attempting to transport, child pornography, see 18 U.S.C. § 2252(a)(1), and one count of possession of child pornography, see 18 U.S.C. § 2252(a)(4). (ECF 5.) The indictment also included a notice of forfeiture, which provided that, as a result of the § 2252(a) violations, Perri would forfeit property used to facilitate the crimes. (Id. at 4.)

Perri pleaded guilty to all three counts of the indictment. (ECF 29.) The executed plea agreement provided that the parties would not file an appeal of the conviction and sentence, and that Perri agreed to waive all rights to collaterally attack his conviction, sentence, or any other matter related to the prosecution. (ECF 30, at ¶ 6.) The Government then filed a "Motion for Judgment and Preliminary Order of Forfeiture," indicating that the property subject to forfeiture consisted of three laptop computers and one external hard drive. (ECF 38.) At sentencing, Perri's counsel acknowledged that motion and stated that "we have no objection." (ECF 110, at 7 of 22.) The District Court entered a preliminary order of forfeiture (ECF 40), and sentenced Perri to 10 years of imprisonment, to be followed by 15 years of supervised release. (ECF 41.) The

judgment noted that the computers and hard drive were subject to forfeiture.[1] (Id. at 6.) Notice of the judgment and preliminary order of forfeiture was published on an official government internet site from August 30, 2017, to September 28, 2017.

On March 28, 2022, the Government filed a motion for a final order of forfeiture (ECF 107), which the District Court granted on April 4, 2022. (ECF 108.) Shortly thereafter, Perri filed a pro se motion to dismiss the final order of forfeiture, essentially arguing that he did not receive adequate notification.[2] (ECF 109.) The Government filed a response, asserting that Perri lacked standing to challenge the final order of forfeiture because his interest in the property was extinguished when forfeiture was included in his judgment at sentencing and that, in any event, the motion to dismiss lacked merit. (ECF 112.) The District Court, "upon consideration of … [the] motion to dismiss … and the

---

[1] Perri did not file a direct appeal, but he did file a motion pursuant to 28 U.S.C. § 2241, which the District Court construed as seeking relief under 28 U.S.C. § 2255. The District Court dismissed the motion as time-barred and meritless (ECF 47 & 48), and we denied a certificate of appealability. Perri v. United States, C.A. No. 18-3471 (order entered Apr. 24, 2019).

[2] In particular, Perri claimed that he "was unaware the evidence in the possession of the government was going to be forfeited," that he "was never notified that a Preliminary Order was published on an official government internet site," and that "[t]his is the first time [he] has been notified of the pending forfeiture." (ECF 109, at 2 of 4.) We note that these claims are belied by the record. The indictment contained a notice of forfeiture, the plea agreement contained a provision on not contesting forfeiture, and forfeiture was discussed at Perri's sentencing.

3

government's opposition thereto," denied Perri's motion without further explanation. (ECF 113.) Perri timely appealed. (ECF 115.)

Perri, who is proceeding pro se and in forma pauperis, filed his brief on September 16, 2022. (Doc. 12.) The Government filed a motion to enforce the appellate waiver and for summary affirmance. (Doc. 16.) Perri filed a response. (Doc. 21.) We have jurisdiction pursuant to 28 U.S.C. § 1291.

We assume, without deciding, that review of the forfeiture order is not precluded by the appellate wavier. See United States v. Jacobo Castillo, 496 F.3d 947, 956-57 (9th Cir. 2007) (en banc) (noting that an appeal waiver is not a jurisdictional bar). Nevertheless, we conclude that Perri lacked standing to challenge the final order of forfeiture that was entered on April 4, 2022. "[T]he order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal." United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999); United States v. Cheeseman, 600 F.3d 270, 275 n.4 (3d Cir. 2010) (explaining that "a forfeiture becomes final at sentencing and that a defendant may appeal a forfeiture order once sentenced"); Fed. R. Crim. P. 32.2(b)(4). But "the defendant generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing." Pelullo, 178 F.3d at 202; see also 21 U.S.C. § 853(n)(2) (permitting "[a]ny person, other than the defendant" to assert interest in property in an ancillary proceeding). Thus, Perri cannot challenge the final forfeiture order because it "has no bearing on [his] rights." United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014).

4

Accordingly, the District Court correctly rejected Perri's motion to dismiss the final order of forfeiture, and we agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Therefore, we grant the Government's motion for summary affirmance and will summarily affirm the District Court's judgment, and we deny the Government's to enforce the appellate waiver.[3]

---

[3] Perri's Motion to File Exhibits Attached to his Brief is denied as moot.